# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

WILMINGTON SAVINGS FUND
SOCIETY, FSB,
     Plaintiff,

     v.

MARIA SAVVIDIS, et al.,
     Defendants.

No. 3:20-cv-1522 (SRU)

## RULING ON MOTION FOR REMAND

Wilmington Savings Fund Society ("Wilmington Savings") commenced a mortgage foreclosure action against Maria and Alexandros Savvidis in Connecticut Superior Court on October 17, 2018.  Following the entry of a judgment of foreclosure and multiple unsuccessful appeals, Alexandros Savvidis removed the case to this court on October 2, 2020.  Wilmington Savings thereafter filed the instant motion to remand the case to state court (doc. no. 7).

As set forth in its motion, Wilmington Savings argues, *inter alia*, that removal was improper because federal question jurisdiction is not present and because Alexandros Savvidis is a citizen of Connecticut, which bars removal based only on diversity jurisdiction under 28 U.S.C. § 1441(b).  *See* Opp., Doc. No. 7, at 4–5.  I agree.

*First*, federal question jurisdiction does not exist.  Section 1331 declares that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Under the well-pleaded complaint rule set forth in *Louisville & Nashville R. Co. v. Mottley*, a suit generally "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]."  211 U.S. 149, 152 (1908).

In this case, the complaint principally alleges that the defendants executed a mortgage loan in the amount of $550,000 on April 17, 2003 and subsequently defaulted. *See* Compl. at ¶¶ 3–6, Case No. FST-CV18-6038509 (Conn. Super. Ct.). The complaint seeks, among other things, foreclosure of the mortgage and possession of the property. *Id*. at ¶ 13. Because the complaint only appears to raise state law claims relating to the mortgage loan, the action does not arise under federal law. Further, to the extent the defendants argue that the foreclosure violated various constitutional doctrines and federal laws, that defense is not part of a properly pleaded complaint and is therefore insufficient to confer federal question jurisdiction. As the Supreme Court has observed, it is well-settled that "a case may not be removed to federal court on the basis of a federal defense." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 14 (1983). Accordingly, the defendants have failed to establish that federal question jurisdiction exists.

*Second*, even if the requirements for diversity jurisdiction have been met, remand is still appropriate under the "forum defendant rule." Under that rule, which is set forth in 28 U.S.C. § 1441(b)(2), a civil action that is otherwise removeable solely on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." It is well-settled that section 1441(b) "is a rule of procedure and does not state a jurisdictional requirement." *Shapiro v. Logistec USA, Inc*., 412 F.3d 307, 313 (2d Cir. 2005).

In this case, Alexandros Savvidis is a resident of Connecticut, where the case was brought, and he does not object to Wilmington Savings' assertion that he is a citizen of Connecticut. *See Bank of Am. Nat. Ass'n v. Derisme*, 743 F. Supp. 2d 93, 103 (D. Conn. 2010) ("For purposes of diversity jurisdiction and the removal statute, a person is considered a citizen

of the State in which he or she was domiciled when the action was commenced.").  Moreover,

Wilmington Savings filed the motion to remand within the thirty-day period prescribed by 28

U.S.C. § 1447(c), which provides that "[a] motion to remand the case on the basis of any defect

other than lack of subject matter jurisdiction must be made within 30 days after the filing of the

notice of removal under section 1446(a)." *See also Valladares v. Arceius-Jones*, 2013 WL

6504655, at *3 (E.D.N.Y. Dec. 11, 2013)  ("[U]nder 28 U.S.C. § 1447(c), to avoid waiver of any

[such] procedural defects in the notice of removal, a motion for remand must be filed within

thirty days of the filing of the notice of removal.") (citations and quotation marks omitted).

Accordingly, the forum defendant rule applies and that procedural defect in the removal was not

waived.

  For the foregoing reasons, the motion to remand (doc. no. 7) is **granted**.  The Clerk is

directed to close the file and remand the case to Connecticut state court.

  So ordered.

Dated at Bridgeport, Connecticut, this 11th day of January 2021.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge
